

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 2, 1965

Honorable J. E. Peavy, M.D.
Commissioner of Health
Texas State Department of Health
Austin, Texas

Opinion No. C-556

Re: Construction of Senate Bill 527,
Acts of the 59th Legislature,
Regular Session, 1965, relating
to the financing of services to
crippled children with blindness,
Dear Dr. Peavy:                    and related questions.

Your request for an opinion on the above subject matter
asks the following questions:

1. Does Section 3 of Senate Bill 527,
Acts of the 59th Legislature, Regular Session,
1965, "place upon the State Commission for the
Blind the responsibility of financing services
to crippled children with blindness and other
crippling conditions?"

2. Is Section 2 of Senate Bill 527, Acts
of the 59th Legislature, Regular Session, 1965,
in conflict with Article 4419c, Vernon's Civil
Statutes, as amended by House Bill 268, Acts of
the 59th Legislature, Regular Session, 1965?

3. Is Section 2 of Senate Bill 527, Acts
of the 59th Legislature, Regular Session, 1965,
in conflict with a Federal regulation relating
to the administration of programs for crippled
children, providing in part: "With respect to
the crippled children's services program for the
establishment, in the State agency, of a separate
organizational unit charged primarily with respon-
sibilities in the field of health services for
crippled children and including, at least, the
planning, promoting and coordinating of crippled

-2688-

children's services and the administration
of the unit and its staff as provided under
the State Plan:  Provided, That, where the
major functions of the State Agency relate to
the provision of health services to children,
as in the case of a Crippled Children's Com-
mission, such commission shall itself be con-
sidered as the separate organizational unit
required."?

4.  Is the State Board of Health required
to approve any physicians who may be used by
the State Commission for the Blind in adminis-
tering Section 2 of Senate Bill 527?

5.  Is the Commission for the Blind fi-
nancially responsible as well as otherwise re-
sponsible for rendering all services to the
visually handicapped?

House Bill 268 passed the Legislature on April 22nd, 1965,
and Senate Bill 527 passed the Legislature on May 13, 1965.  Sec-
tion 2 of Article 4419c, Vernon's Civil Statutes, as amended by
Section 1 of House Bill 268, defines a crippled child as follows:

"A crippled child is defined as any person
under twenty-one (21) years of age whose physical
functions or movements are impaired by reason of
a joint, bone, or muscle defect or deformity, to
the extent that the child is or may be expected to
be totally or partially incapacitated for education
or remunerative occupation.  To be eligible for re-
habilitation service under this Act, the child's
disability must be such that it is reasonable to
expect that such child can be improved through hospi-
talization, medical or surgical care, artificial
appliances, or through a combination of these serv-
ices."

The definition in House Bill 268 of a crippled child, above-
quoted, was again changed by the provisions of Section 3 of Senate
Bill 527, Acts of the 59th Legislature, and such definition, be-
ing the latest expression of the Legislature, will control.  A
crippled child is now defined as:

"A crippled child is defined as any person
under twenty-one (21) years of age, whose physical

functions or movements are impaired by reason of a joint, bone, or muscle defect or deformity, to the extent that the child is or may be expected to be totally or partially incapacitated for education or remunerative occupation. To be eligible for rehabilitation service under this Act, the child's disability must be such that it is reasonable to expect that child can be improved through hospitalization, medical or surgical care, artificial appliances, or through a combination of these services. For the purpose of this Act a 'crippled child' includes a child whose sole or primary handicap is blindness or other substantial visual handicap, but the responsibility for rendering services to a child crippled with blindness or other substantial visual handicap is that of the Commission for the Blind."

In view of the foregoing, a child whose sole or primary handicap is blindness or other substantial visual handicap is the responsibility of the Commission for the Blind rather than the responsibility of the State Department of Health. All other crippled children, as defined, are the responsibility of the State Department of Health.

Senate Bill 527 does not amend or modify the provisions of Article 4419c, Vernon's Civil Statutes, designating the State Department of Health as the agency to receive funds which are appropriated by the Federal Government to be used in the State of Texas in matching State funds which are appropriated by the Legislature or to receive any other funds which are not required to be matched by the Legislature for the physical restoration of crippled children. Article 4419c, Section 8, Vernon's Civil Statutes.

Section 2 of Senate Bill 527 is not in conflict with the Federal regulation relating to the administration of programs for crippled children set out in your request. Article 4419c does not require the approval by the State Department of Health of physicians used by the State Commission for the Blind in administering the visual care provided for in Senate Bill 527.

## S U M M A R Y

Section 2 of Senate Bill 527, Acts of the 59th Legislature, Regular Session, 1965, relating to the responsibilities of the State Commission for the Blind, amends the

definition of a crippled child defined by the provisions of Article 4419c, Vernon's Civil Statutes, to include a crippled child who is handicapped by blindness or other substantial visual handicap, but the responsibility for rendering services to a child crippled with blindness or other substantial visual handicap is that of the Commission for the Blind. In all other respects, the responsibility for a crippled child is that of the State Department of Health, and Article 4419c, Vernon's Civil Statutes, is not amended in any other respect.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Terry Goodman
Ralph Rash
Mario Obledo

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright